IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SCOTT M. DAWLING,            )
                             )
        Plaintiff,            )
                             )
    v.                       )       1:12CV198
                             )
SHAMROCK ENVIRONMENTAL       )
CORPORATION,                 )
                             )
        Defendant.            )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge for a recommendation on Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment (Docket Entry 10). (See Docket Entry dated June 20, 2012.) For the reasons that follow, the Court should grant the instant Motion in part and deny it in part, in that the Court should dismiss for lack of subject matter jurisdiction any claim for race- or age-based discriminatory discharge, but should neither dismiss nor enter summary judgment on Plaintiff's claims of unlawful transfer based on race and age.

### BACKGROUND

Plaintiff filed a pro se form Complaint against Defendant alleging "[d]iscrimination in [e]mployment." (Docket Entry 2 at 1.) The Complaint alleges, in relevant part, as follows:

1) Plaintiff worked for Defendant for several years as a "tank technician" (id. at 2);

2) "a white younger person was hired and put in [Plaintiff's] place either because [Plaintiff] was black or old" (id.); and

3) to support the foregoing allegation, Plaintiff has "three to testify and [a] recording" (id.).[1]

The relief request portion of the Complaint seems to indicate that Plaintiff lost all employment with Defendant and that he seeks compensation for that loss of employment. (See id. at 3.) In addition, Plaintiff appended to the Complaint a copy of a "Dismissal and Notice of Rights" form from the Equal Employment Opportunity Commission ("EEOC") to Plaintiff dated December 14, 2011, regarding "EEOC Charge No. 846-2011-41689." (Id. at 4.)

Defendant thereafter filed the instant Motion (Docket Entry 10), along with an Affidavit of Dennis R. Snead, Jr. (Docket Entry 10-1 at 2-5), and attachments thereto including: 1) the "Charge of Discrimination" Plaintiff lodged with the EEOC against Defendant on May 10, 2011, identified as "[EEOC] Charge No(s): 846-2011-41689," alleging discrimination based on race and age with no "[e]arliest" date, a "[l]atest" date of February 1, 2011, and no allegation of "CONTINUING ACTION" (id. at 9-10); and 2) the "Notice of Charge of Discrimination" the EEOC forwarded to Defendant on May 11, 2011, along with said Charge of Discrimination (id. at 8).

In said Charge of Discrimination, Plaintiff made, in relevant part, the following assertions under penalty of perjury:

---

[1] The Complaint also sets forth Plaintiff's pledge that he "could explain in more detail." (Docket Entry 2 at 2.)

> I was hired July 2007 as a Tank Tech. I trained on the tote side and the tank side. Thereafter, I worked on the Tank side as a Tank Technician providing service to the company client, Transport Services. Sometime in late 2009 an employee, D. Patrick (White, @ age 21) was hired. He trained on the tote side for several months. The Facility Manager took me from my position and placed me on the tote side and place [sic] Mr. Patrick in my position. After Mr. Patrick completed his training, he was not returned to the tote side and I was not placed back in the Tank Technician position providing service to Transport Services. Now, when I go to the tank side, it is only as a helper and to assist. Tank Technician has the ability to earn more money and more over-time. Additionally, Mr. Patrick has been training in other areas I was not given training. Furthermore, Mr. Patrick has been with the company less than two years and received $1.00 per hour increase twice. I, on the other hand, received a $0.50 increase (after a year) and later a $0.75 increase. Moreover, within the last six months, he has received keys to the shop and a cell phone. I was never given keys or cell phone. When I asked the Facility Manager why, he told me why did I need keys.
>
> . . . .
>
> I believe that I was discriminated against on the basis of my race and age (Black, age 49) in violation of Title VII of The Civil Rights Act of 1964, as amended, and in violation of The Age Discrimination in Employment Act of 1967, as amended.

(Id. at 9-10 (emphasis added).)[2]

Plaintiff responded to the instant Motion. (Docket Entry 13.) That response included the following pertinent statements:

1) Plaintiff "had superior job performance" (id. at 2);

---

[2] "[T]he [C]ourt can consider the charge of discrimination without having the motion to dismiss converted into one for summary judgment." Brown v. Institute for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 728 n.2 (M.D.N.C. 2005); accord, e.g., Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 538 n.3 (E.D.N.C. 2008).

-3-

2) Plaintiff "ha[s] a witness from work and a witness that do [sic] not work for [Defendant] [who both] clearly hear [sic] the manage [sic] of the tank wash saying he was a racist" (id.);

3) Plaintiff also has "a recording of a employee saying that [Defendant] is prejudic [sic]" (id. at 2-3); and

4) Plaintiff contends that the cited witness statements and recording show that discrimination lies at the root of Defendant's decision to "move [him] out of [his] potion [sic]" (id. at 3).

Defendant has replied, contending therein that Plaintiff's foregoing Response "does not contain any admissible evidence" and that Plaintiff "fail[ed] to present any affidavits" from his above-referenced witnesses. (Docket Entry 14 at 3.)

## DISCUSSION

Defendant's instant Motion identifies the following grounds for dismissal of this action:

> The Court does not have subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedies with regard to his alleged wrongful discharge claim which is based on his race (Black) and age (50) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.
>
> In the event that this Court determines that it has subject matter jurisdiction, Plaintiff's claims should be dismissed for failure to plead sufficient facts pursuant to Rule 8(a), Rule 12(b)(6), Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

-4-

Case 1:12-cv-00198-UA-LPA Document 15 Filed 06/25/12 Page 4 of 16

(Docket Entry 10 at 1-2 (emphasis added).) The instant Motion does not make reference to any theory by which the Court could grant Defendant summary judgment. (See id.)

Subject Matter Jurisdiction as to Discriminatory Discharge

In its supporting brief, Defendant elaborated on its jurisdictional argument as follows: "Plaintiff relies solely on his May 10, 2011, Charge of Discrimination . . . [which] was filed *during* his employment with [Defendant]. Since Plaintiff never filed an EEOC Charge of Discrimination alleging wrongful discharge his Complaint fails as a matter of law." (Docket Entry 11 at 2 (emphasis in original).) Moreover, Defendant set forth a detailed argument with voluminous citations regarding the jurisdictional bar that arises in federal court to claims of discrimination based on race or age beyond the scope of an EEOC charge. (See id. at 8-11.)

Plaintiff's Response did not address the foregoing contention. (See Docket Entry 13.) Accordingly, Plaintiff has conceded that this Court lacks subject matter jurisdiction over claims for race and age discrimination in connection with his discharge. See Kinetic Concepts, Inc. v. ConvaTec Inc., No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession that generally warrants granting requested relief). Further, independent analysis confirms that, as

to any claim regarding the termination of Plaintiff's employment, Defendant's position as to a lack of subject matter jurisdiction has merit; as the United States Court of Appeals for the Fourth Circuit recently reiterated: "'Only those . . . claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'" Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (quoting Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)).[3]

As documented in the Background section, Plaintiff complained to the EEOC only about race and age discrimination during the course of his employment (more specifically, through February 1, 2011, at the latest) and not any subsequent discharge from employment. Moreover (again as set out in the Background section), Plaintiff's Charge of Discrimination with the EEOC did not allege that the reported discrimination constituted part of a continuing action. Under these circumstances, any race or age discrimination claim related to Plaintiff's discharge from employment qualifies as unexhausted, because it: 1) was not "stated in [his] initial charge," id.; 2) is not "reasonably related to the original complaint," id.; and 3) was not "developed by reasonable investigation of the original complaint," id. See, e.g., Chacko v.

---

[3] "The same is true of claims made under the ADEA [Age Discrimination in Employment Act]." Jones, 551 F.3d at 300-01.

Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) ("A plaintiff fails to exhaust his administrative remedies where, as here, his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.").

In this context, "a failure by the plaintiff to exhaust administrative remedies . . . deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300. Accordingly, the Court should dismiss for lack of subject matter jurisdiction any claim by Plaintiff for race or age discrimination related to his loss of employment with Defendant. See id. at 301 ("Because [the plaintiff's] failure to exhaust administrative remedies deprived the district court of subject matter jurisdiction over the claims, the only function remaining to the court was that of announcing the fact and dismissing the causes." (internal brackets and quotation marks omitted)).

Sufficiency of Allegations as to Discriminatory Transfer

The Court, however, should not embrace Defendant's position that the lack of subject matter jurisdiction over any claim by Plaintiff for race- or age-based discharge requires dismissal of this action as a whole (see Docket Entry 11 at 2 ("Since Plaintiff never filed an EEOC Charge of Discrimination alleging wrongful discharge his Complaint fails as a matter of law." (emphasis added))). Although the relief request portion of the Complaint

-7-

appears to demand compensation for loss of employment (see Docket Entry 2 at 3), the body of the Complaint alleges that Plaintiff worked for Defendant for several years as a tank technician and that "a white younger person was hired and put in [Plaintiff's] place either because [Plaintiff] was black or old" (id. at 2 (emphasis added)).  Further, in responding to the instant Motion, Plaintiff made clear that he claims race and age discrimination regarding Defendant's decision to "move [him] out of [his] potion [sic]."  (Docket Entry 13 at 3.)  Finally, Plaintiff's Charge of Discrimination with the EEOC clearly included allegations that Defendant discriminated against him based on race and age by reassigning him from his job as a tank technician to a significantly different position. (Docket Entry 10-1 at 9-10.)  In sum, under the doctrine of liberal construction applicable to pro se litigants, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), Plaintiff has asserted claims against Defendant for race and age discrimination related to his job transfer and, given the plain language of his Charge of Discrimination with the EEOC, the Court has subject matter jurisdiction over such claims.

    In apparent anticipation of the foregoing conclusion(s), Defendant also argues in its brief in support of its instant Motion that Plaintiff's Complaint lacks sufficient factual allegations to state a claim for race- and/or age-based discriminatory job

reassignment. (See Docket Entry 11 at 13-15.)[4] Specifically, Defendant contends that Plaintiff's Complaint fails to allege facts that would satisfy certain elements of the test for making out a prima facie case of race and/or age discrimination. (See id.) As an initial matter, this argument falls short because the United States Supreme Court has held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . ." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002).[5]

---

[4] Defendant does not dispute that a transfer to a job with materially distinct duties can provide the basis for a claim of race or age discrimination in employment. (See Docket Entry 11 at 13-15.) Nor would such an argument have any apparent merit. See Boone v. Goldin, 178 F.3d 253, 255-56 (4th Cir. 1999) (noting ruling in Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998), that "reassignment with significantly different responsibilities" can support employment discrimination claim).

[5] The Swierkiewicz Court made reference to Conley v. Gibson, 335 U.S. 41 (1957), and the characterization that originated therein of Federal Rule of Civil Procedure 12(b)(6) as permitting dismissal "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations [of a complaint]." Swierkiewicz, 534 U.S. at 512-14 (internal quotation marks omitted). The Supreme Court subsequently held that, "after puzzling the profession for 50 years, this famous observation [from Conley] has earned its retirement . . . [and] is best forgotten . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). However, "Twombly did not overrule [the] portion of Swierkiewicz [quoted above in the body of the Discussion section] but rather reaffirmed th[at] holding . . . ." Equal Emp't Opportunity Comm'n v. Propak Logistics, Inc., No. 1:09cv311, 2010 WL 3081339, at *5 (W.D.N.C. Aug. 6, 2010) (unpublished) (citing and quoting Twombly, 550 U.S. at 570, as re-approving Swierkiewicz's rejection of requirement that discrimination plaintiffs plead elements of prima facie case). In other words, "[t]he Twombly Court made clear that its holding did not contradict the Swierkiewicz rule that '"a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination."'" Reed v. Airtran Airways, 531 F. Supp. 2d 660, 666 (D. Md. 2008) (quoting Twombly, 550 U.S.

-9-

In reaching this conclusion, the Supreme Court noted that the so-called "prima facie case" requirement merely represents part of an indirect method of proving employment discrimination (derived from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)) and therefore declared that "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because . . ., if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case." Id. at 511.  Construing the Complaint liberally (as required, see Erickson, 551 U.S. at 94), Plaintiff has alleged that he has direct evidence (in the form of witness accounts and a recording) that shows Defendant reassigned him away from his tank technician job for race- and age-based discriminatory reasons (see Docket Entry 2 at 2). Defendant's brief supporting its instant Motion offers no argument that Plaintiff's Complaint lacks sufficient allegations to state claim(s) of race and/or age discrimination as to job reassignment pursuant to a direct evidence approach.  (See Docket Entry 11 at 13-15.)  Moreover, as he promised in the body of his Complaint, Plaintiff subsequently has

---

at 569, which in turn quotes with approval Swierkiewicz, 534 U.S. at 508) (internal brackets omitted).  Indeed, in Coleman v. Maryland Ct. of App., 626 F.3d 187 (4th Cir. 2010), the post-Twombly (and post-Ashcroft v. Iqbal, 556 U.S. 662 (2009)) case on which Defendant principally relies in pressing this argument (see Docket Entry 11 at 13), the Fourth Circuit expressly held that, in the employment discrimination context, "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss," Coleman, 626 F.3d at 190, and cited Swierkiewicz as the basis for that holding, id.

-10-

"explain[ed] [his direct evidence] in more detail" (Docket Entry 2 at 2). (See Docket Entry 13 at 2-3 (stating that two credible witnesses have described hearing Defendant's manager of tank technicians admitting to racial bias and that a recording confirms prejudice by Defendant).)[6]

Further, to the extent Plaintiff's Complaint may have lacked sufficient factual allegations to establish each element of a prima facie case of race- and/or age-based discriminatory transfer, it appears from his Charge of Discrimination with the EEOC and his Response to the instant Motion that he could amend the Complaint to provide the allegedly missing information. For example, in its brief in support of the instant Motion, Defendant grouses that Plaintiff has failed to come forward with factual matter that would meet the "satisfactory job performance" prong of the prima facie

---

[6] Even if Defendant had argued that the Complaint lacked sufficient factual allegations to state any claim for race or age discrimination in connection with Plaintiff's transfer out of his tank technician position pursuant to a direct evidence theory of proof and if the undersigned Magistrate Judge had agreed, a recommendation of dismissal likely would have been unwarranted; instead, the undersigned Magistrate Judge likely would have recommended that the Court allow Plaintiff to amend his Complaint to provide more detail (particularly given his pro se status and his pledge that he could do so). See, e.g., Threat v. Potter, No. 3:05CV116, 2006 WL 1582393, at *1 (W.D.N.C. June 2, 2006) (unpublished) ("[I]n its discretion, the Court finds that allowing the Plaintiff to amend her Complaint to correct these deficiencies is a wiser course than to order a dismissal at this early stage of the action."). Because Plaintiff already has presented additional information about such matters in his Response to the instant Motion, no need exists for such an amendment, as Defendant has sufficient notice to form a responsive pleading and can explore the finer points of Plaintiff's alleged evidence of bias in discovery.

test, because he "has not alleged a single fact to establish he had satisfactory job performance" (Docket Entry 11 at 13 (addressing race discrimination claim); accord id. at 15 (contending that age discrimination claim fails as a matter of law because "Complaint is completely void of any facts regarding Plaintiff's job performance"); however, in his Response to the instant Motion, Plaintiff asserted he "had superior job performance" (Docket Entry 13 at 2). Similarly, Defendant has argued Plaintiff did not satisfy the first prong of the age discrimination prima facie test, because he "fail[ed] to identify his age in his Complaint . . . [and instead] assert[ed] that he was 'old'" and that "Plaintiff cannot satisfy the fourth prong of the prima facie test [for age discrimination] by asserting that his replacement was 'younger.'" (Docket Entry 11 at 15.) As documented in the Background section, when Defendant made this argument, it had actual notice that (in his earlier, underlying Charge of Discrimination with the EEOC) Plaintiff declared under penalty of perjury that he was 49 (i.e., in the protected class) and his replacement was 21 (i.e., not just younger than Plaintiff, but dramatically so, as well as far outside the protected class). (See Docket Entry 10-1 at 9.)[7]

---

[7] The Charge of Discrimination also sets out Plaintiff's sworn statement that his youthful replacement required months of training by Defendant. (See Docket Entry 10-1 at 9.) This factual assertion, combined with the averment regarding the tender age of Plaintiff's replacement and the allegation that Plaintiff had years of experience as a tank technician (see Docket Entry 2 at 2), would support an inference that Plaintiff's replacement, at most, was similarly situated to or comparably qualified as Plaintiff, as

-12-

Under these circumstances, even if Plaintiff had to allege factual information sufficient to establish a prima facie case of transfer based on race and/or age and his Complaint failed to do so, the Court should not dismiss this action, but rather should allow Plaintiff to amend his Complaint to add factual allegations already otherwise in the record (particularly in light of his status as a pro se litigant). See, e.g., Threat v. Potter, No. 3:05CV116, 2006 WL 1582393, at *1 (W.D.N.C. June 2, 2006) (unpublished) ("[I]n its discretion, the Court finds that allowing the Plaintiff to amend her Complaint to correct these deficiencies is a wiser course than to order a dismissal at this early stage of the action."). Moreover, given that (as set forth above) Defendant neglected to present any argument that the Complaint fails to state a claim for race- or age-based discriminatory reassignment on a direct evidence theory and that (for reasons previously discussed) Defendant cannot prevail on a motion to dismiss by pointing out an absence of factual allegations that would show a prima facie case of such discrimination, the Court need not even order Plaintiff to amend his Complaint, particularly given that Defendant has actual notice in the record of this case of the additional facts so that

---

Defendant contends Plaintiff must show to make out a prima facie case of race and/or age discrimination (see Docket Entry 11 at 13, 15).

it can formulate both a responsive pleading and discovery requests designed to ferret out further details about such matters.[8]

As a final matter, although Defendant styled its instant Motion as seeking, in the alternative, summary judgment (see Docket Entry 10 at 1), neither the body of the instant Motion nor the portions of the brief filed in support of the instant Motion that address claim(s) by Plaintiff for race and/or age discrimination arising from his transfer out of a tank technician position present any argument as to why the Court should grant summary judgment to Defendant on such any claim(s) by Plaintiff (see id. at 1-2; Docket Entry 11 at 11-15). Defendant thus has not identified any basis for the Court to enter summary judgment against Plaintiff on his claim(s) of race- and/or age-based discriminatory reassignment.[9]

---

[8] Declining to require Plaintiff to amend his Complaint to include detailed information addressing the prima case elements also makes sense because, as the Supreme Court has observed, "the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic.'" Swierkiewicz, 534 U.S. at 512 (quoting Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577 (1978)). "Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case." Id.

[9] Given that Defendant did not seek summary judgment on Plaintiff's claim(s) for discrimination based on race and age in connection with his alleged transfer, Plaintiff had no obligation to produce admissible evidence in response to Defendant's instant Motion to avoid summary judgment on such claim(s), despite Defendant's apparent assertion to the contrary in its Reply (see Docket Entry 14 at 1-3). Indeed, the only reference to summary judgment in the body of Defendant's brief in support of its instant Motion appears to consist of the statement in an introductory section that, "[s]ince [Defendant] supports its [instant] Motion with the Affidavit of Dennis R. Snead, Jr., . . . the Court should

-14-

Case 1:12-cv-00198-UA-LPA   Document 15   Filed 06/25/12   Page 14 of 16

CONCLUSION

This Court lacks subject matter jurisdiction over any claim by Plaintiff for race or age discrimination as to his discharge from employment with Defendant because Plaintiff did not exhaust any such claim with the EEOC. However, granting Plaintiff the benefit of liberal construction (as required by the Supreme Court due to his status as a pro se litigant), the Court should conclude that Plaintiff has come forward with sufficient allegations to state a claim for race- and age-based discriminatory reassignment, matters as to which he did exhaust his administrative remedies. Further, no basis exists for the Court to enter summary judgment for Defendant on such claims at this time.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment (Docket Entry 10) be granted in part and denied in part, in that the Court should dismiss for lack of subject matter jurisdiction any race- or age-based discriminatory discharge claim, but should neither dismiss nor enter summary judgment on Plaintiff's claims that Defendant engaged in race and age discrimination by transferring him from

---

treat this as a Motion for Summary Judgment . . . ." (Docket Entry 11 at 2-3.) A review of Mr. Snead's affidavit, however, reveals no information addressing Plaintiff's allegations of race- and age-based discriminatory job reassignment. (See Docket Entry 10-1 at 2-5.) Said Affidavit thus neither placed Plaintiff on notice that Defendant asserted an entitlement to summary judgment on such claim(s) nor provided a ground upon which the Court could enter summary judgment for Defendant on such claim(s).

tank technician to a job with significantly different responsibilities.

**IT IS ORDERED** that, upon Defendant's filing of an Answer pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the Clerk promptly shall set this case for an Initial Pretrial Conference.

**IT IS FURTHER ORDERED** that, to assist Plaintiff in meeting his obligation to prosecute this case, the Clerk shall send Plaintiff a copy of this Court's Local Rules of Civil Procedure and of Federal Rules of Civil Procedure 5, 6, 7, 8, 10, 11, 12, 15, 16, 26, 28, 29, 30, 31, 33, 34, 35, 36, 37, 41, 45, 56, and 72, as well as Forms 1, 2, 50, and 51.

                                                /s/ L. Patrick Auld
                                                       **L. Patrick Auld**
                                         **United States Magistrate Judge**
June 25, 2012